IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALORIE H. JACQUET, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-933-SLR/CJB ) |
| CAROLYN W. COLVIN, | ) ) |
| Defendant. | ) |

**MEMORANDUM**

At Wilmington this 30th day of January, 2014, having reviewed the Report and Recommendation ("R&R") issued by the Honorable Christopher J. Burke on December 1, 2013 (D.I. 23), as well as the limited objection filed thereto by defendant Carolyn W. Colvin, Acting Commissioner of Social Security[1] (D.I. 25); I adopt the objection and reverse the R&R, to the extent it contained the recommendation that defendant's motion for summary judgment be denied and the case remanded for further proceedings, based on the following analysis.

1. **Background.** The R&R relates with great specificity plaintiff's medical history. In his R&R, Judge Burke affirmed the ALF's finding of nondisability but for her evaluation of former listing 9.08A.[2] In this regard, Judge Burke concluded that,

---

[1] Plaintiff Valorie H. Jacquet filed no response to defendant's objection.

[2] A finding of disability was required if a claimant's impairments met or equaled former Listing 9.08A, that is, diabetes mellitus with neuropathy "demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20

because there was evidence that could be cited to support either side of the argument,[3] a remand was appropriate "for a further review of he evidence as to whether [plaintiff] could or could not meet this Listing, and for the ALJ to set out the reasons supporting that finding in sufficient written detail." (D.I. 23 at 53)

2. **Analysis.** The defendant poses three objections to this recommendation. Most significantly, however, is that directed to the fact that Listing 9.08A and the other sections relating to endocrine disorders were eliminated effective June 7, 2011. 76 Fed. Reg. 19692-01 (Apr. 8, 2011).[4] Moreover, defendant has specifically explained that former Listing 9.08 will not be applied on remand. (*Id.* at 19698 n.3)[5] I agree with defendant that remand to specifically consider former Listing 9.08A would not be proper.

3. The reasoning behind defendant's decision to remove Listing 9.08A is

---

C.F.R. Pt. 404, Subpt. P, App. 1, § 9.08A (2011).

[3]There is no dispute that, for the period of August 1, 2004 through September 21, 2006, plaintiff's gait, when described at all, was variously described in the medical records as anything from normal to somewhat or significantly "antalgic" (a word used to signify a disturbance in one's gait).

[4] The Commissioner explained that significant advancements in medical science warranted the revision of the listings. More specifically, the Commissioner explained that: "[M]ost endocrine disorders do not reach listing-level severity because they do not become sufficiently severe or do not remain at a sufficient level of severity long enough to meet our 12-month duration requirement. Therefore, we have determined that, with the exception of children under age 6 who have diabetes mellitus (DM) and require daily insulin, we should no longer have listings in section 9.00 and 109.00 based on endocrine disorders alone." (D.I. 25 at 2, citing 76 Fed. Reg. 19692-01 (Apr. 8, 2011).

[5]"[W]e will apply the final rules to the entire period at issue in the decision [the agency] makes after the court's remand." 76 Fed. Reg. at 19698 n.3.

consistent with the evidence of record. As noted, plaintiff's medical records indicate that her impairments as to gait did not remain at a sufficient level of severity long enough to meet the 12-month duration requirement. Indeed, given the record, the ALJ's overall decision to deny benefits was supported by substantial evidence. See *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

4. **Conclusion.** Given the removal of Listing 9.08A, remand for further consideration under that Listing is not appropriate. Therefore, the R&R is adopted in part and rejected in part, the defendant's motion for summary judgment is granted and the plaintiff's motions for summary judgment is denied. An order shall issue.

United States District Judge